# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2010

Lyle W. Cayce
Clerk

No. 09-50274

TEXAS DISPOSAL SYSTEMS LANDFILL INC,

Plaintiff-Appellant

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LAWRENCE E. STARFIELD, Regional Administrator; LISA P. JACKSON, Administrator,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-642

Before JONES, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Texas Disposal Systems Landfill, Inc. ("TDSL") petitioned the United States Environmental Protection Agency ("EPA") to withdraw its authorization of Texas's hazardous waste program. TDSL alleged that Texas was in violation of the federal Resource Conservation and Recovery Act ("RCRA"). The EPA issued a Determination as to Whether Cause Exists to Withdraw the Texas RCRA Program ("Determination") and found no cause to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commence withdrawal proceedings. TDSL then filed suit in the district court challenging the EPA's Determination under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. The district court dismissed TDSL's complaint for lack of subject-matter jurisdiction, holding that the EPA's Determination was a nonreviewable discretionary agency action. TDSL now appeals. We review the question of subject-matter jurisdiction *de novo*. *Lundeen v. Mineta*, 291 F.3d 300, 303 (5th Cir. 2002).

Under the APA, an agency's decision not to invoke an enforcement mechanism provided by statute is not ordinarily subject to judicial review. *See* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 832, 105 S. Ct. 1649, 1656 (1985) ("[A]n agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)"). However, this presumption against judicial review may be rebutted if the statute "circumscribes agency enforcement discretion, and has provided meaningful standards for defining the limits of that discretion." *Heckler*, 470 U.S. at 834-35, 105 S. Ct. at 1657.

TDSL argues the EPA's own regulations circumscribe the agency's discretion and provide the court with law to scrutinize the Determination. We disagree. Neither the statute nor the regulations present standards by which we can review the EPA's decision not to commence withdrawal proceedings. Under RCRA, whenever the EPA Administrator determines after public hearing that a state is not in compliance, he *shall* notify the state. 42 U.S.C. § 6926(e). If the state does not take corrective action within a reasonable time, then the Administrator *shall* withdraw authorization. *Id.* Under EPA regulations, the Administrator *may* order the commencement of withdrawal proceedings on his own initiative or in response to a petition from an interested person. 40 C.F.R. § 271.22(a). The Administrator *may* conduct an informal investigation of the allegation in the petition to determine whether cause exists to commence withdrawal proceedings. *Id.* The regulations provide a non-exclusive list of

circumstances under which a state's authorization *may* be withdrawn. *Id.* The EPA Administrator *must* respond in writing to any petition to commence withdrawal proceedings. 40 C.F.R. § 271.23(b)(1). Thus, the EPA is only limited in that it must withdraw authorization after it has determined that the state is not in compliance. *See Pub. Citizen, Inc. v. EPA*, 343 F.3d 449, 452 (5th Cir. 2003). Here the EPA did not find as such, and thus, the Determination is not subject to review.

Second, TDSL argues that the EPA's Determination is reviewable because it is not merely a refusal to enforce, but an informal adjudication. TDSL argues that although the EPA declined to commence withdrawal proceedings, it "acted" by providing interpretation and analysis of applicable law in the Determination. We find this argument unpersuasive and contrary to the Supreme Court's holding that an action committed to agency discretion does not become reviewable merely because the agency gives a reviewable reason for an otherwise unreviewable action. *Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 283, 107 S. Ct. 2360, 2368 (1987).

We agree with the district court's holding that the EPA's decision not to commence withdraw proceedings is a discretionary, non-enforcement decision that is unreviewable.

**AFFIRMED.**